judgment on the verdict for Milliron in the case of De-Quinze against Milliron.

All of the issues in the cases are purely factual and are dependent on credibility. The court below was clearly right in refusing a new trial on the ground that the verdict was against the weight of the evidence. This is a case of contradictory testimony for resolution by the jury.

Appellants also complained that the appellee talked to jurors about the case while it was in progress. Appellee denies this. The court below held that had the incident been called to its attention at the time it could have resolved the matter by interrogating the jurors. No mention was made of the alleged incident, however, until after the jury had been discharged from service. The court then had before it only conflicting affidavits and was not justified in granting a new trial on this ground.

Judgment affirmed.

## Loncaric v. Lucas, Appellant.

Argued March 21, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James J. Burns, Jr.*, with him *Burns & Manley*, for appellant.

*Leonard J. Paletta*, with him *McArdle, Harrington & McLaughlin*, for appellee.

OPINION PER CURIAM, April 16, 1963:
Order for new trial affirmed.
Mr. Chief Justice BELL dissents.

## Philadelphia Life Insurance Company *v.* Commonwealth, Appellant.

Argued November 14, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.